USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
TARIQ MAHMOOD A72-459-999,

                Plaintiff,

-against-

KIRSTJEN M. NIELSEN, Secretary,
U.S. Department of Homeland Security (DHS);
L. FRANCIS CISSNA, Director, U.S.
Citizenship and Immigration Services (USCIS);
THOMAS CIOPPA, New York District Director,
US Citizenship and Immigration Services, DHS;
WILLIAM BIERMAN, New York Field Office
Director, US Citizenship and Immigration
Services, DHS; JEFFERSON SESSIONS III,
Attorney General; THOMAS DECKER, New
York Field Office Director, US Customs and
Immigration Enforcement; THOMAS D.
HOMAN, Acting Director of U.S. Immigration
and Customs Enforcement,

                Defendants.

17 Civ. 8233 (AT)

**OPINION
<u>AND ORDER</u>**

ANALISA TORRES, District Judge:

    The sum and substance of this Opinion & Order was delivered orally from the bench on April 11, 2018.

    Plaintiff, Tariq Mahmood, brings this action alleging, *inter alia*, that Defendants' denial of his applications for a waiver of inadmissibility under § 212(h) of the Immigration and Nationality Act ("INA") violates the INA and its implementing regulations, and that his continued detention at the Hudson County Correctional Facility violates his constitutional rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Am. Compl. ¶¶ 77–81, 97–102, ECF No. 25.

    Plaintiff moves, by order to show cause, for a temporary restraining order and preliminary injunction (1) staying his removal during the pendency of his INA claim, and (2)

releasing him from custody pursuant to his *Zadvydas* claim. For the reasons stated on the record at the show cause hearing and those stated below, the motion for a stay of removal is DENIED and the motion for immediate release from custody is GRANTED.[1]

## BACKGROUND

Plaintiff came to the United States in November 1992 using a Pakistani passport with a false identity. Based on his use of the fake passport, he was charged with being inadmissible for fraud and placed in exclusion proceedings. He did not appear for the exclusion hearings. In March 1993, he was ordered excluded *in absentia*. Am. Compl. ¶ 44.

In May 1995, Plaintiff pleaded guilty to unlawful possession of marijuana under New York Penal Law § 221.05, a noncriminal violation for possession of up to 25 grams of marijuana. Between 1993 and 2002, he had a number of other arrests and convictions for other violations and misdemeanors. *Id.* ¶ 46. Plaintiff has not been arrested or convicted of any crimes since 2002.

In October 1997, Plaintiff married Milagros Mahmood, a U.S. citizen. She filed an application for an immigrant visa on his behalf, and in May 2004, the application was granted. Plaintiff and his wife have two children who are now 19 and 11 years old, respectively. *Id.* ¶¶ 49, 54.

In April 2009, using Form I-485, Plaintiff applied for an adjustment of status to Legal Permanent Resident. On the application, he acknowledged the use of a false passport in 1992 and the marijuana conviction in 1995. Using Form I-601, he applied for a waiver to overcome both grounds of inadmissibility. *Id.* ¶ 55. In May 2011, U.S. Citizenship and Immigration

---

[1] Plaintiff was ordered released from custody immediately at the show cause hearing on April 11, 2018. *See* ECF No. 40.

Services ("USCIS") denied Plaintiff's application for a waiver of inadmissibility on the ground that he failed to show that his marijuana conviction involved possession of fewer than 30 grams of marijuana, as required for such a waiver under § 212(h) of the INA. *See* 8 U.S.C. § 1182(h); *id.* ¶ 56. Plaintiff appealed the decision to the Administrative Appeals Office, which in 2013 denied his appeal on the same ground. Am. Compl. ¶ 57.

On April 11, 2013, Plaintiff was detained by Immigration and Customs Enforcement ("ICE") at the New York City Field Office. On May 30, 2013, he was released on an Order of Supervision that required him to, among other things, report to ICE on specified occasions. *Id.* ¶ 59.

In April 2014, Plaintiff filed a second application for an adjustment of status and a waiver of inadmissibility. USCIS again denied the waiver, this time "in the exercise of its discretion," not on the previous ground that Plaintiff failed to prove that the marijuana conviction involved fewer than 30 grams. *Id.* ¶ 62. In May 2016, Plaintiff applied for an adjustment of status and a waiver of inadmissibility for a third time. *Id.* ¶ 66. On August 25, 2017, USCIS denied the waiver on the same ground as its first denial: that Plaintiff failed to establish that his marijuana conviction involved possession of fewer than 30 grams. *Id.* ¶ 70.

On August 22, 2017, ICE detained Plaintiff when he reported to the New York City Field Office pursuant to his Order of Supervision. He has been detained at the Hudson County Correctional Facility since then. *Id.* ¶ 68.

On January 25, 2018, after the commencement of this litigation, USCIS reopened Plaintiff's 2009 and 2016 applications for an adjustment of status and a waiver of inadmissibility. *Id.* ¶ 72. On March 26, 2018, USCIS denied the waiver yet again, concluding

3

that Plaintiff failed to establish that the marijuana conviction involved fewer than 30 grams. In the alternative, USCIS denied the application in the exercise of its discretion based on Plaintiff's entry into the country using a false passport and his history of misdemeanors and violations from 1993 to 2002. Denial of Waiver of Inadmissibility dated Mach 26, 2018 ("Fourth Waiver Denial"), ECF No. 30, Ex. B.

## DISCUSSION

I. <u>Legal Standard</u>

In the Second Circuit, the same legal standard governs the issuance of preliminary injunctions and temporary restraining orders. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). In order to obtain either, the moving party "must show '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405–06 (2d Cir. 2011). The burden is higher on a party that seeks "a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo." *Id.* at 406. "A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* By seeking a stay of his removal proceedings and immediate release from custody, Plaintiff seeks to alter the status quo by commanding positive acts; Plaintiff is, therefore, subject to a heightened burden. *Tom Doherty Assocs., Inc. v. Saban Entmn't, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

II. Analysis

A. Stay of Removal

Plaintiff has not established a likelihood of success on the merits or serious issues going to the merits of his INA claim. He is, therefore, not entitled to a temporary restraining order or preliminary injunction staying his removal.

An application for a waiver of inadmissibility under § 212(h) of the INA is analyzed in a two-step process. At the first step, USCIS assesses the applicant's eligibility for a waiver. To establish eligibility, USCIS must conclude that the conduct that would otherwise bar an applicant from obtaining an adjustment of status "relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Once an applicant establishes eligibility, the analysis proceeds to the second step, where USCIS decides whether to exercise its discretion to grant the waiver. *See Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006).

A federal court's jurisdiction to review a denial of a waiver of inadmissibility is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B), (D). This means the Court can review "nondiscretionary decisions regarding an alien's *eligibility*," but cannot review the "decision to grant or deny relief, made entirely in [USCIS's] discretion." *Mendez v. Holder*, 566 F.3d 316, 319–20 (2d Cir. 2009).

Here, USCIS committed reversible legal error in its March 26, 2018 ruling that Plaintiff is not eligible for a waiver of inadmissibility based on his conviction for a violation under New York Penal Law § 221.05. In making its determination, USCIS relied on the fact that § 221.05 criminalizes marijuana possession but does not specify a quantity. It concluded that Plaintiff had

not, therefore, established that his conviction involved fewer than 30 grams of marijuana. Fourth Waiver Denial at 3.

However, a conviction for a violation under § 221.05, as opposed to a misdemeanor, necessarily involves no more than 25 grams of marijuana. *See People v. Jackson*, 18 N.Y.3d 738, 751 n.3 (2012) (Lippman, J., dissenting). Plaintiff's guilty plea to a violation under § 221.05, therefore, "relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Accordingly, USCIS's conclusion that Plaintiff is not eligible for a waiver of inadmissibility under § 212(h) is reversible legal error.

That, however, does not end the inquiry. USCIS concluded that even if Plaintiff were eligible for a waiver based on his conviction under § 221.05, it would separately deny Plaintiff's waiver of inadmissibility in the exercise of its discretion. In making this determination, USCIS weighed "adverse factors," including Plaintiff's entering the country with a fake passport and criminal history, against "favorable factors," including Plaintiff's U.S. citizen wife and children, steady employment, and family members' medical issues. Fourth Waiver Denial at 5.

The Court would have reached a different conclusion in balancing these factors. Plaintiff has lived in the United States for over 25 years, has no serious criminal record, and has built a family of U.S. citizens, including two children born in the United States. He also owns two restaurants and a small construction company. Am. Compl. ¶ 49. He has, in every sense, become a part of the American fabric. Denying him the legal status to continue his participation in our community would belie the connections and contributions he has made here.

The statutory scheme governing this case, however, does not permit the Court to overrule USCIS's exercise of discretion in the absence of legal error. *See* 8 U.S.C. § 1252(a)(2)(B), (D).

Although Plaintiff fashions his objections to USICS's exercise of discretion as legal in nature, his quarrels are purely with USCIS's application of the facts. Because the Court is without authority to review USCIS's discretionary denial of Plaintiff's application for a waiver of inadmissibility, Plaintiff has failed to meet his burden of showing a likelihood of success on the merits or serious issues going to the merits on his claim challenging the denial of the waiver. Accordingly, Plaintiff's request for a stay his removal pending resolution of that claim is DENIED.

### B. Release from Custody

As of April 11, 2018, the date of the show cause hearing, Plaintiff had been detained for 232 days. He argues that his continued detention violates his constitutional rights because his removal is not reasonably foreseeable under *Zadvydas*. On this claim, Plaintiff has met his burden to show both a likelihood of success on the merits and irreparable harm.

The Court begins with the likelihood of success on the merits. Defendants' principal challenge to Plaintiff's *Zadvydas* claim is that the Court lacks jurisdiction to hear the claim because venue is only proper in the District of New Jersey, where Plaintiff is detained. Defendants rely on the Supreme Court's decision *Rumsfeld v. Padilla*, which held that where a habeas petition challenges the petitioner's physical confinement, "jurisdiction lies only in one district: the district of confinement." 542 U.S. 426, 443 (2004). This so-called "immediate custodian rule" serves "the important purpose of preventing forum shopping by habeas petitioners." *Id.* at 447.

It is unclear whether the immediate custodian rule is a rule of jurisdiction or a rule of venue. *Compare Adikov v. Mechkowski*, No. 16 Civ. 3797, 2016 WL 3926469, at *1 (S.D.N.Y.

7

July 18, 2016) (describing it as a jurisdictional rule), *with Concepcion v. Aviles*, No. 14 Civ. 8770, 2015 WL 7766228, at *1 (S.D.N.Y. Mar. 12, 2015) (describing it as a venue rule). Indeed, in his concurrence in *Padilla*, Justice Kennedy wrote that "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue," but that he "would not decide today" which one. 542 U.S. at 451, 453.

The Court is persuaded that the immediate custodian rule is a venue rule. Personal jurisdiction pertains to whether a defendant is properly sued in a judicial district, whereas venue concerns the appropriate forum for a lawsuit based on where a plaintiff's claims arise and where the defendants reside. *See generally* 28 U.S.C. § 1391. Because the immediate custodian rule is designed to limit habeas claims to "the district of confinement," *Padilla*, 542 U.S. at 443, it is not about whether the defendant is properly sued in the district, but about the forum where a petitioner can bring a habeas claim—that is, the appropriate venue for the lawsuit.

Although *Padilla* was decided in the criminal context, numerous district courts in the Circuit have applied it to habeas petitioners in the immigration context. *See* Def. Mem. at 24-26 (collecting cases), ECF No. 31. Assuming it applies, the Court concludes that venue is still appropriate in the Southern District of New York under the doctrine of pendent venue. Under this doctrine, "a federal court may *in its discretion* hear pendent claims which arise out of the same nucleus of operative facts as a properly venued federal claim, even if venue of the pendent claim otherwise would not lie." *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (quoting *Banfield v. UHS Home Attendants, Inc.*, No. 96 Civ. 4850, 1997 WL 342422, at *2 (S.D.N.Y. June 23, 1997)); *see also United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2013) ("Once a court has determined that

venue is proper as to one claim, it may exercise pendent venue to adjudicate closely related claims."). In deciding whether to exercise pendent venue, "a court must consider factors such as judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants." *Basile*, 717 F. Supp. 2d at 387 (quoting *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000)).

As an initial matter, it is undisputed that venue is proper in this district for Plaintiff's INA claim challenging the denial of the waiver of inadmissibility. All Defendants in this case are officers of the U.S. Government. *See* Am. Compl. Under 28 U.S.C. § 1391(e), venue for actions against U.S. Government officers is appropriate in any district where "a substantial part of the events or omissions giving rise to the claim occurred." All four of Plaintiff's applications for a waiver of inadmissibility were processed and decided by USCIS in Manhattan. *See* ECF Nos. 25-3, 25-6, 25-8, & 30, Ex. B. Accordingly, venue for Plaintiff's INA claim is appropriate in this District.

Because Plaintiff's INA claim is properly venued in this District, the Court next considers whether to exercise pendent venue over his habeas claim. First, the INA claim and habeas claim are closely related. The denials of Plaintiff's waiver of inadmissibility have prevented him from obtaining an adjustment of status, and his lack of legal status provides the authority for the detention he challenges on his habeas claim.

In addition, all of the discretionary factors weigh in favor of exercising venue over the habeas claim. The Court has already held a Rule 26(f) conference in this case and received full briefing on the motion for a temporary restraining order and preliminary injunction. Judicial economy, therefore, supports the exercise of pendent venue. Keeping the habeas claim in this

District will also avoid piecemeal litigation of Plaintiff's habeas claim in New Jersey while litigation of his INA claim continues here. And Defendants present no evidence that litigating the habeas claim here is inconvenient or unfair to them. Indeed, the Hudson County Correctional Facility is run by ICE's New York City Field Office, and it is not uncommon for courts in this District to hear habeas claims brought by petitioners detained at the Hudson County Correctional Facility. *See, e.g., Birch v. Decker*, No. 17 Civ. 6769, 2018 WL 794618 (S.D.N.Y. Feb. 7, 2018). Accordingly, venue is proper in this District for Plaintiff's habeas claim under the doctrine of pendent venue.

Because venue is proper in this District, the Court considers the merits of Plaintiff's habeas claim.[2] In *Zadvydas*, the Supreme Court held that the statute governing detention pending removal authorizes detention "only for a period *reasonably necessary* to secure the alien's removal." 533 U.S. at 682. The Supreme Court established a "presumptively reasonable period of detention of six months." *Id.* "After that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas*, 533 U.S. at 701). If the detainee meets his initial burden to establish no significant likelihood of removal in the reasonably foreseeable future, the burden shifts back to the Government to rebut that showing. *Id.*

---

[2] At the hearing, Defendants requested that if the Court found venue to be proper in the Southern District of New York, they be afforded additional time to address the merits of the habeas claim because they did not address it in their moving papers. Transcript dated April 11, 2018 ("Tr."), at 6, ECF No. 41. The Court rejected the request on the ground that Defendants' brief and an accompanying declaration "addressed whether a travel document would be procured in the reasonably foreseeable future, which is at the core of [P]laintiff's habeas claim." *Id.* at 11.

Plaintiff has been detained at the Hudson County Correctional Facility for 232 days. He does not have a Pakistani travel document to enable him to gain admission to Pakistan. Defendants first requested a travel document from the Pakistani Consulate on September 12, 2017. DeLeon Decl. ¶ 31, ECF No. 32. They followed up with the Consulate about the status of the request four times in October and November of 2017. Each time, they were told that the request was pending. *Id.* ¶¶ 32–33. They followed up again in January and March 2018, but received no response both times. *Id.* ¶¶ 34, 36.

In their opposition papers, Defendants argue that Plaintiff's removal is reasonably foreseeable because he is on the manifest of a flight going to Pakistan at the end of April and because "Pakistani officials are reviewing the manifest and have not affirmatively dismissed him from the manifest or refused ICE's request for a travel document." *Id.* ¶ 37. At the hearing, Defendants notified the Court for the first time that Plaintiff traveled to the Pakistani Consulate on April 9, 2018 for an interview concerning travel documents. Tr. at 5. However, Defendants fail to point to any evidence from Pakistani officials indicating that a travel document is imminent or forthcoming.[3] Meanwhile, Plaintiff points out that Pakistan is one of a number of countries that the U.S. Government has accused of failing to issue travel documents for detainees in a timely and consistent manner. *See* Carol Morello, *Deporting Convicted Criminals from the U.S. Is Not as Easy as It Sounds*, Washington Post (Nov. 28, 2016).

---

[3] At the conclusion of the hearing, after the Court had issued its oral order releasing Plaintiff from detention, the Government informed the Court that it received an email from ICE stating that the Pakistani Consulate would inform the Government by Friday, April 13, 2018 whether it would issue a travel document for Plaintiff. Tr. at 26. The Court concluded that this assertion, made after the eleventh hour and without any documentary support, was too little, too late. *Id.*

In short, Defendants have not obtained a travel document for Plaintiff through 232 days of detention; Pakistan is included on a list of countries that fails to process travel documents in a timely or consistent manner; and the Pakistani Consulate has not indicated that it will provide a travel document despite Defendants making six separate requests for such information over the last six months. Together, these facts establish a significant likelihood that Plaintiff will not be removed from the United States in the reasonably foreseeable future. Because he has now been detained for over 180 days, he has established a significant likelihood of success on his *Zadvydas* claim.

Having established likelihood of success on the merits, the Court will next consider irreparable harm. To establish irreparable harm, Plaintiff must "demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Trasnport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). There is a "presumption of irreparable injury that follows from a violation of constitutional rights." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).

Here, Plaintiff alleges that he is detained in violation of his Due Process rights, and the Court has found a substantial likelihood that his rights have in fact been violated. A number of courts have held that detention in violation of constitutional rights establishes irreparable harm. *See, e.g.*, *Abdi v. Duke*, 280 F. Supp. 3d 373, 408–09 (W.D.N.Y. 2017); *R.I.L.-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015). Moreover, the consequences of Plaintiff's detention bolster his claim of irreparable harm. Plaintiff has been hospitalized multiple times in the last month for stress-related heart issues. He has been separated from his family throughout his detention, and

has been unable to maintain his businesses to support them. Such harms are almost certain to continue if he is not released from custody immediately. Accordingly, Plaintiff has met his burden to establish irreparable harm.

Having established irreparable harm and a likelihood of success on the merits, Plaintiff's motion for a temporary restraining order and preliminary injunction immediately releasing him from detention at the Hudson County Correctional Facility is GRANTED.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a temporary restraining order and preliminary injunction staying his removal pending the resolution of INA claim is DENIED, and his motion for temporary restraining order and preliminary injunction immediately releasing him from custody is GRANTED.

Accordingly, the Hudson County Correctional Facility is ORDERED to immediately release Plaintiff.

SO ORDERED.

Dated: May 9, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge